UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DEVON DELEHOY, | 4:23-CV-04147-KES |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| STATE OF SOUTH DAKOTA; ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA; TERESA BITTINGER, WARDEN OF SOUTH DAKOTA STATE PENITENTIARY, | |
| Respondents. | |

## INTRODUCTION

This matter is before the court on the petition for writ of habeas corpus of Devon Delehoy, pursuant to 28 U.S.C. § 2254. Docket No. 1. Mr. Delehoy is representing himself. He seeks vacatur of his state conviction and sentence, and release from custody as relief from multiple alleged constitutional violations. Docket No. 2 at pp. 10–11; see generally Dockets No. 1 & 2. Respondents moved to "dismiss on the pleadings under FED. R. CIV. P. 12(C)." Docket No. 10 at p. 1. The matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and DSD L.R. CIV 72.1(A)(2)(B).

**FACTUAL AND PROCEDURAL HISTORY**[1]

A.   **Mr. Delehoy's Criminal Conviction**

In the early morning hours of June 25, 2017, Devon Delehoy and his then-girlfriend began a car ride during which a series of violent, menacing, and disrespectful events occurred.  Criminal Record at pp. 581–92.[2]  These events culminated in the June 26, 2017, arrest of Devon Delehoy for kidnapping.  Criminal Record at pp. 594.  Charges for rape and assault were later added.  Id. at pp. 676–77.

On March 8, 2018, in the South Dakota Fourth Judicial Circuit, County of Butte, Mr. Delehoy was found guilty by a jury of his peers of committing one count of kidnapping – second degree – domestic violence, in violation of SDCL § 22-19-1.1(3), one count of simple assault – domestic violence, in violation of SDCL § 22-18-1(5), and one count of simple assault – domestic violence, in violation of SDCL § 22-18-1(4).  Criminal Record at pp. 631–32.

---

[1] Pursuant to Federal Rules of Evidence 201(a)–(d), and at the request of petitioner and respondents, this court takes judicial notice of the court records from Mr. Delehoy's state criminal case and state habeas case.  See Docket No. 1 at p. 3; Docket No. 11 at p. 6.

[2] Citations to Mr. Delehoy's state court criminal record, State v. Delehoy, 09CRI17-000139 (S.D. 4th Cir., Butte Cnty.) will be cited as "Criminal Record." Citations to Mr. Delehoy's criminal appeal record, State v. Delehoy, 28682 (S.D.) will be cited as "Appeal Record."  Citations to Mr. Delehoy's state habeas record, Delehoy v. Young, 09CIV21-000063 (S.D. 4th Cir., Butte Cnty.) will be cited as "Habeas Record."  Citations to Mr. Delehoy's state habeas appeal, Delehoy v. Young, 30183 (S.D. 2022) will be cited as Habeas Appeal Record.  Citations to Mr. Delehoy's *pro se* second habeas appeal record, Delehoy v. Young, 30303 (S.D. 2023) will be cited as Second Habeas Appeal Record.  The criminal record and the habeas record are paginated, and this court's citations mirror that pagination.  The appeal records are not paginated.  So, the court's citations reflect the page number within the .pdf files.

On June 27, 2018, a separate trial was held where a jury found Mr. Delehoy to be a "habitual offender as defined by SDCL § 22-7-7." Id. at p. 632.  Mr. Delehoy's habitual offender conviction caused his kidnapping charge to be enhanced from a class 3 to a class 2 felony, increasing his maximum penalty from 15 to 25 years' imprisonment.  Id. at pp. 565, 705; SDCL § 22-6-1.

On the kidnapping charge, Mr. Delehoy was sentenced to 22 years in the South Dakota State Penitentiary with four years suspended.  Criminal Record at p. 726.  Mr. Delehoy received time served for the remaining charges.  Id. at p. 727.

### B. Mr. Delehoy's Appeal

Mr. Delehoy filed an appeal to the South Dakota Supreme Court on August 6, 2018.  Appeal Record at p. 1.  Mr. Delehoy's arguments on appeal were (1) "the trial court erred when it denied defendant's motion for a mistrial"; (2) Mr. Delehoy "was denied his right to a fair trial based on cumulative error"; and (3) Mr. Delehoy's sentence was grossly disproportionate under the Eighth Amendment.  Id. at pp. 9–10, 21–22.

The South Dakota Supreme Court unanimously affirmed both the conviction and sentence on May 22, 2019.  State v. Delehoy, 929 N.W.2d 103, 112 (S.D. 2019).  The court held that the trial court did not abuse its discretion by denying Mr. Delehoy's mistrial and disagreed with Mr. Delehoy's underlying bases for mistrial—the alleged existence of both a Brady[3] violation and perjury.

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

Id. at 109–11.  The court further held that Mr. Delehoy's sentence was not grossly disproportionate.  Id. at pp. 111–12.

**C.     Mr. Delehoy's State Habeas Case**

Two years later, on May 21, 2021, Mr. Delehoy filed a *pro se* petition for a writ of habeas corpus in state court.  Habeas Record at p. 1.  Mr. Delehoy raised two arguments of ineffective assistance of counsel in his petition: (1) that Attorney Timothy Barnaud, his criminal counsel, was ineffective for failing to object to the admission of the victim's testimony; and (2) that Attorney Barnaud was ineffective for failing to file a motion to set aside his two assault convictions on double jeopardy grounds.  Id. at pp. 17–18, 54.

On June 1, 2021, Mr. Delehoy, still representing himself, filed an amended petition.  Id. at p. 26.  In this amended petition, Mr. Delehoy raised three variations of ineffective assistance of counsel: (1) Attorney Barnaud was deficient for failing to move the court for acquittal on Mr. Delehoy's kidnapping charge; (2) Attorney Barnaud was deficient for not objecting to the admission of testimony given by the victim; and (3) the trial court told the parties, off the record, that he would instruct the jury to disregard the testimony of the victim—which he did not do.  Id. at pp. 28, 33–35.[4]

On June 4, 2021, Mr. Delehoy filed his "further amended petition"—a mirror image of his amended petition aside from a newly included certificate of service.  Id. at pp. 38–50, 86.

---

[4] As to the third ground, Mr. Delehoy did not specify the act he expected his counsel to take in response to the court's failure to follow through with its alleged intention.

In the time between the filing of the further amended petition and the hearing on his petition, Mr. Delehoy also filed a motion for sanctions, and a filing named "Affidavit, Sworn statement of Facts by motion for reconsideration and motion to compell [sic] discovery FR Civ P Rule 11." Id. at pp. 57–61.

On April 29, 2022, a hearing was held regarding the state habeas case. Id. at p. 83. Before the court released its findings of fact and conclusions of law on the matter, on June 27, 2022, Mr. Delehoy filed an "affidavit, motion for stay and abeyance by motion for new trial." Id. at p. 188. It is unclear from the text what this filing sought to accomplish.

On October 6, 2022, the trial court entered judgment denying Mr. Delehoy's petition, and the motion for sanctions. Id. at p. 220.

On November 23, 2022, Mr. Delehoy's court-appointed habeas counsel, Attorney Joshua Hilpert, filed a notice of appeal. Id. at p. 235. Attorney Hilpert was unaware, however, of the state's requirement in habeas matters that a party first seek a certificate of probable cause. Docket No. 2-1, ¶¶ 8–12; SDCL § 21-27-18.1. As a result, Mr. Delehoy failed to do so, and on December 7, 2022, the South Dakota Supreme Court "entered an order to show cause as to why the appeal should not be dismissed." Habeas Record at p. 250. In Mr. Delehoy's response, Attorney Hilpert explained his lack of awareness as to procedure. Habeas Appeal Record at pp. 22–24. Attorney Hilpert requested "another opportunity to seek a certificate of probable cause by a reasonable deadline as set by the Court." Id. at p. 25. The respondent argued that the court had no jurisdiction to provide a second chance. Id. at pp. 29–30. The

5

court dismissed Mr. Delehoy's appeal on January 19, 2023. Id. at p. 38. Mr. Delehoy attempted to revive his appeal on April 12, 2023, through his own efforts. Second Habeas Appeal Record at p. 1. That second appeal was dismissed for lack of jurisdiction on April 18, 2023. Id. at p. 13.

## DISCUSSION

**A.  Propriety of Joining the State of South Dakota and the Attorney General of the State of South Dakota as Respondents**

Before addressing the substance of Mr. Davis' petition or the respondent's filings, the court first addresses the propriety of including the State of South Dakota and the Attorney General for the State of South Dakota as respondents.

The purpose of § 2254 is to provide a mechanism of relief for prisoners "in state custody in violation of the Constitution or laws or treaties of the United States." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting 28 U.S.C. § 2254(a)).

As such, the proper respondent is " 'the person' with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). This person is called the "custodian," and "there is generally only one." Id. at 434–35. In the context of challenges to "present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435; cf. Jones v. Biddle, 131 F.2d 853, 854 (8th Cir. 1942) (Attorney General of the United States improper party in federal habeas action).

A state is also an improper respondent.  For starters, a "state has sovereign immunity from suit in federal court."  See Bridges v. Chambers, 425 F.3d 1048, 1050 (7th Cir. 2005) (citation omitted).  Further, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts[5] "is explicit that the 'state officer' having custody of the petitioner is the proper respondent."  Id.  "Designating the 'state' [as respondent] does not identify an official with actual authority to release the prisoner, and the designation could create confusion with respect to service and to notice generally."  Id.

Because "[a] district court has the power to *sua sponte* dismiss a complaint for failure to state a claim," Mildfelt v. Cir. Ct. of Jackson Cnty., 827 F.2d 343, 345 (8th Cir. 1987) (per curiam), and because an incarcerated habeas petitioner cannot state a claim against either a state or its attorney general, Rumsfeld, 542 U.S. at 435; see Chambers, 425 F.3d at 1050, this magistrate judge recommends that the district court dismiss on its own initiative both the State of South Dakota and the Attorney General thereof from this matter as improper parties.  Not doing so at the onset would suggest that there is an argument Mr. Delehoy could make that would render the parties' joinder proper.  There is not.  Cf. Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).  The (only) proper respondent is Teresa Bittinger, warden of South Dakota State Penitentiary.

---

[5] Hereinafter "§ 2254 Rule(s)" followed by applicable number(s).

7

**B.    The Character of Respondents' Motion**

The court must next clarify the character of the respondents' motion.  In response to Mr. Delehoy's petition for writ of habeas corpus, respondents filed a "Motion to Dismiss on the Pleadings Under FED. R. CIV. P. 12(C)"—a motion unknown to the federal rules of civil procedure.  This motion appears to be the amalgamation of a motion to dismiss for failure to state a claim, found under Federal Rule of Civil Procedure 12(b)(6), and a motion for judgment on the pleadings, found under Rule 12(c).

Because respondents' continue to characterize their motion as a "motion to dismiss" in their supporting memorandum, Docket No. 11 at p. 1, and because in said memorandum, respondents state that "Mr. Delehoy's application fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)," Id. at p. 1–2, this court presumes that respondents' intent is to bring a motion under Rule 12(b)(6).  The court proceeds accordingly.

**C.    Legal Standards and Application**

    **1.    Time Bar for a Federal Habeas Petition**

A one-year period of limitation applies to state prisoners who wish to petition a federal court for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As pertinent here, the limitation period begins on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).  When a petition for a writ of certiorari is not sought, direct review concludes ninety days after the date of the appellate decision.  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir.

8

2001).  Once the clock starts, it only tolls if "a properly filed application" for state collateral review becomes pending.  McMullan v. Roper, 599 F.3d 849, 852 (8th Cir. 2010) (citation omitted); 28 U.S.C. § 2244(d)(2).

In the instant case, judgment on Mr. Delehoy's appeal was entered on May 22, 2019.  Appeal Record at p. 181.  This means that his one-year limitation period began running 90 days later on August 21, 2019.  Mr. Delehoy did not file his state habeas case until May 21, 2021—almost two years later.  Habeas Record at p. 1.  Because the limitation period extends for only one year, Mr. Delehoy's limitation period expired during the interim, and Mr. Delehoy's petition is time-barred before this court.[6]

---

[6] A note about Attorney Hilpert's failure to seek a certificate of probable cause: An alternative starting point for the one-year limitation period exists "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Mr. Delehoy invokes Attorney Hilpert's error in his petition.  Docket No. 1 at pp. 2–3.  The date on which Mr. Delehoy could have discovered Attorney Hilpert's misstep is November 5, 2022—thirty days after the state habeas court entered its judgment.  Habeas Record at p. 220; SDCL § 21-27-18.1; see Flowers v. Weber, 844 N.W.2d 363, 363 (S.D. 2014).  But ineffective assistance of habeas counsel cannot serve as the basis for a claim in a § 2254 habeas petition.  28 U.S.C. § 2254(i).  Ineffective assistance of habeas counsel *can* serve as "cause to forgive procedural default" when an attorney's deficiency prevents a petitioner from initial review of an ineffective assistance of trial counsel claim.  Shinn v. Ramirez, 596 U.S. ___, ___, 142 S. Ct. 1718, 1733 (2022) (internal quotation marks omitted); Martinez v. Ryan, 566 U.S. 1, 9–14 (2012).  But Mr. Delehoy had his initial review—and his petition was denied.  See generally Habeas Record.  And in any event, the "narrow exception" to procedural default offered by Martinez does not extend to § 2254's statute of limitations.  Johnson v. Young, No. 4:18-CV-04128-KES, 2019 U.S. Dist. LEXIS 246830, at *18–19 (D.S.D. Jan. 14, 2019) (citing (and quoting), *inter alia*, Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014)).  Attorney Hilpert's error, therefore, cannot save Mr. Delehoy's petition from its untimeliness.

9

**2. Whether Mr. Delehoy Has Made a Showing of Actual Innocence**

Despite the one-year limitation period for federal habeas petitions, "a convincing showing" of actual innocence can provide a gateway for a court to consider an otherwise time-barred petition. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). A properly supported claim of "actual innocence" has been recognized as a "miscarriage of justice" exception whose goal is to ensure that a constitutional error is not responsible for the incarceration of an innocent. Id. at 392.

To make a showing of actual innocence, a petitioner must establish his factual innocence with "new reliable evidence not available at trial." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001). Evidence that could "have been discovered earlier through the exercise of due diligence" does not satisfy the standard. Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005). The new evidence must convince the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 569 U.S. at 386 (citation omitted).

In the instant case, respondents state that Mr. Delehoy did not raise an actual innocence claim. Docket No. 11 at p. 13. The court disagrees. While the actual innocence claim may be inconspicuous within his petition, it is given marquee status in Mr. Delehoy's response to respondents' motion. Compare Docket No. 1 at pp. 7–8 (mention of Carrier[7] standard, use of the word

---

[7] Murray v. Carrier, 477 U.S. 478 (1986). "The Carrier standard requires the habeas petitioner to show that a constitutional violation has probably resulted

10

"innocent") with Docket No. 14 at p. 19 ("ACTUAL INNOCENCE" and "MISCARRIAGES OF JUSTICE" in capital letters).  Despite the claim's newfound visibility, respondents did not file a reply brief to address it.

But respondents' failure to engage does not eliminate Mr. Delehoy's burden, which is to "persuade[ ] the district court" that he is factually innocent.  Cf. McQuiggin, 569 U.S. at 386.  And on that front, Mr. Delehoy cannot succeed, because Mr. Delehoy has not provided any new, reliable evidence unavailable at trial.  Mr. Delehoy introduces his own perception of events that occurred on the night of his crimes.  Docket No. 14 at pp. 3–6.  But Mr. Delehoy's perspective was available at trial.  And a petitioner's own impressions of his innocence do not rise to the level of reliability required by the actual innocence standard.  Cf. Schlup v. Delo, 513 U.S. 298, 324 (1995).

Because Mr. Delehoy has failed to make a showing of actual innocence, and because Mr. Delehoy raises no other arguments to justify equitable tolling, his petition for writ of habeas corpus is time-barred.  This court, therefore, recommends that the district court grant respondents' motion to dismiss Mr. Delehoy's petition—with prejudice.[8]

---

in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995).

[8] A note about Mr. Delehoy's asylum claim: Mr. Delehoy "claims 'ASYLUM' under (8 USCA § 1158)." Docket No. 14 at p. 26.  The referenced statute provides a mechanism for aliens to apply for refuge from the persecution they face in a foreign country.  See generally 18 U.S.C. § 1158.  There is nothing in the record to suggest that Mr. Delehoy is an alien.  The court ventures no further in addressing this claim.

11

D.   **Mr. Delehoy's "Motion To Sever Kidnapping, Rape & Assaults Charges"**

In a separate filing, Mr. Delehoy argues that "a motion to sever should've been granted" with respect to Mr. Delehoy's disparate charges.  Docket No. 7 at p. 1.  The court interprets this motion as an additional ground for relief, and thus also time-barred.  See Section C, *supra*.  The court recommends that the district court deny the motion.

E.   **Mr. Delehoy's "Motion for A Summary Judgement [sic] In Favor of Devon Delehoy Pursuant (Rule 55) And Order For Respondents To Show Cause Why The Default Judgement Should Not Be Pronounced As Such"**

The court next addresses a motion for default judgment that Mr. Delehoy filed on November 3, 2023.  Docket No. 12.  The premise of the motion is that because the court ordered respondents to file a response by October 30, 2023, and because they had not done so as of October 31, 2023, default judgment should be entered in favor of Mr. Delehoy.  Id. at p. 1.  But respondents' "Motion to Dismiss on the Pleadings Under FED. R. CIV. P. 12(C)" was filed on October 27, 2023.  Docket No. 10.  As such, the basis of Mr. Delehoy's motion is fatally flawed, and this court recommends the district court deny petitioner's motion.  FED. R. CIV. P. 55(a).

{This space intentionally left blank}

**F.     Mr. Delehoy's "Motion Compelling The State To Produce (ALL) Evidences, Recordings, Documents, Grand Jury Transcripts, and/or Docketed Items and Also Preserving My Rights Under (18 U.S.C.A. § 3500) and "Motion Compelling SD Attorney General and lower court to produce Grand Jury Indictment Transcripts & Missing (10 minute) Recording Pursuant (18 USCA § 3500)"**

The court next addresses Mr. Delehoy's two motions compelling production of certain discovery, pursuant to 18 U.S.C. § 3500. Docket No. 8 at p. 1; Docket No. 13 at p. 1.

At the onset, the court notes that 18 U.S.C. § 3500 is a statute of criminal procedure, governing activity "[i]n any criminal prosecution brought by the United States." 18 U.S.C. § 3500(a). Petitions for writs of habeas corpus, however, are civil in nature. Hilton v. Braunskill, 481 U.S. 770, 776 (1987). As such, the cited statute has no application to these proceedings.

A judge reviewing a petition for writ of habeas corpus "may, for good cause, authorize a party to conduct discovery." § 2254 Rule 6(a). But good cause does not exist where, as here, the petitioner's claims are unviable. Cf. DA's Office v. Osborne, 557 U.S. 52, 72 (2009). The court accordingly recommends that the district court deny Mr. Delehoy's motions.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondents' motion to dismiss [Docket No. 10] and dismissing Mr. Delehoy's petition [Docket No. 1]. The court also recommends denying Mr. Delehoy's remaining motions. [Docket Nos. 7, 8, 12 & 13].

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Nash v. Black, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).

DATED this 29th day of December, 2023.

BY THE COURT:

_[signature: Veronica L. Duffy]_

VERONICA L. DUFFY
United States Magistrate Judge