UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DEVON DELEHOY,<br><br>　　　　　　　　Petitioner,<br><br>　　vs.<br><br>STATE OF SOUTH DAKOTA;<br>ATTORNEY GENERAL FOR THE STATE<br>OF SOUTH DAKOTA; TERESA<br>BITTINGER, WARDEN OF SOUTH<br>DAKOTA STATE PENETENTIARY,<br><br>　　　　　　　　Respondents. | **4:23-CV-04147-CCT**<br><br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION AND<br>DISMISSING HABEAS PETITION** |

　　　　Petitioner, Devon Delehoy, filed a petition for writ of habeas corpus under
28 U.S.C. § 2254. Docket 1. Delehoy alleges that habeas relief is warranted
because his Sixth, Eighth, and Fourteenth Amendment rights were violated
when the trial court declined to issue a mistake of fact instruction, and
because he received ineffective assistance of counsel. *Id.* at 11–32. Delehoy
subsequently filed motions to sever and to compel. Docket 7; Docket 8.

　　　　The Attorney General for the State of South Dakota, on behalf of
respondents the Attorney General for the State of South Dakota and the State
of South Dakota, filed a motion pursuant to Federal Rule of Civil Procedure
12(c) for judgment on the pleadings. Docket 10. Delehoy then filed a motion for
summary judgement and another motion to compel. Docket 12; Docket 13.

1

On December 29, 2023, Magistrate Judge Veronica Duffy issued a report and recommendation on the various pending motions in the case. Docket 21. She recommended first, that the claims against the State of South Dakota and the Attorney General of the State of South Dakota be dismissed on the grounds that they are not the state officers with custody over Delehoy, and thus are improper respondents. *Id.* at 6-7. Magistrate Judge Duffy clarified the nature of the respondents' motion and interpreted the motion, which was titled as a motion for "judgment on the pleadings" pursuant to Rule 12(c), as a motion to dismiss under Rule 12(b)(6). *Id.* at 8. Magistrate Judge Duffy then found that Delehoy's claim was time-barred by the limitation period applying to state prisoners seeking a writ of habeas corpus in federal court, and that Delehoy failed to make a showing of actual innocence that would merit an exception to the limitation period. *Id.* at 8–11. Magistrate Judge Duffy also recommended that Delehoy's motion to sever and motion for summary judgment be denied. *Id.* at 12. Finally, Magistrate Judge Duffy recommended that both of Delehoy's motions to compel be denied. *Id.* at 13.

Delehoy timely filed objections to the report and recommendation. Docket 23. On January 11, 2024, the same day that Delehoy filed objections to the report and recommendation, he also filed a notice of interlocutory appeal of the report and recommendation to the United States Court of Appeals for the Eighth Circuit. Docket 24. The Eighth Circuit dismissed Delehoy's interlocutory appeal for a lack of jurisdiction and issued a corresponding mandate. Docket 39; Docket 45.

2

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Magistrate Judge Duffy provided a full, complete, and well-analyzed report and recommendation. The court adopts Magistrate Judge Duffy's rendition of the facts and her legal recommendations as modified and supplemented by this order and addresses the issues raised by Delehoy's objections.

## DISCUSSION

Delehoy's response to the report and recommendation begins with a general condemnation of Magistrate Judge Duffy and the court. *See* Docket 23 at 1. Delehoy accuses Magistrate Judge Duffy of corruption and states that she is "must be blind" because she rejected the arguments from his various motions. *Id.* at 1–2. Delehoy's response also includes 12 numbered objections. *See id.* at 2–9. The court addresses these numbered objections individually, and sometimes at multiple points in this order. This is necessary because Delehoy's objections do not correspond neatly to Magistrate Judge Duffy's report and sometimes address multiple conclusions in one objection or stray

3

into nonresponsive personal attacks. *See id.* Delehoy also provides a statement of the facts of the case that the court considers as a factual objection. *See id.* at 7–8. Objections 1, 2, 5, and 9 present mixed questions of law and fact, and the court therefore considers them to be quasi-factual objections that require de novo review of both the factual and legal issues they raise.

## I.   **Factual Background and Objections**

Magistrate Judge Duffy provided a summary of the facts of the case and of its procedural history. Docket 21 at 2–6. The court adopts the facts from the report and recommendation in full. The court also recounts the facts where relevant, provides an expanded discussion of the relevant testimony from Delehoy's criminal trial, and addresses Delehoy's factual objections.

On June 26, 2017, Delehoy was arrested and later charged in a seven-count indictment for events that transpired during a car ride he took with his romantic partner Kari Vaughn. Criminal Record at 4, 15–17.[1] The allegations that led to Delehoy's arrest were, in the broadest terms, that during the early morning hours of June 26, 2017, Delehoy drove Vaughn to a remote area

---

[1] The court adopts the citation style from Magistrate Judge Duffy's report and recommendation used to refer to the records of Delehoy's criminal case and subsequent appeal and habeas actions. *See* Docket 21 at 2 n.1. Thus, *State v. Delehoy*, 09CR17-000139 (S.D. 4th Cir., Butte Cnty.) will be cited as "Criminal Record." Delehoy's criminal appeal record, *State v. Delehoy*, 28682 (S.D.), will be cited as "Appeal Record." Delehoy's state habeas record, *Delehoy v. Young*, 09CIV21-000063 (S.D. 4th Cir., Butte Cnty.) will be cited as "Habeas Record." Delehoy's second habeas appeal record, *Delehoy v. Young*, 30303 (S.D. 2023) will be cited as Second Habeas Appeal Record.

outside of Belle Fouche, South Dakota, threatened to kill her, and physically and sexually assaulted her. *Id.* at 15–17, 269–300.

A jury trial began on March 5, 2018, in the Fourth Circuit Court for the State of South Dakota. *Id.* at 302. The evidence at trial included testimony from Vaughn. *Id.* at 993-1051. Vaughn's testimony is relevant to Delehoy's objections, and thus the court recounts it in part.

Vaughn testified at that around 2:00 a.m. on June 26, 2017, Delehoy picked her up from her home in Belle Fouche so that they could go to the Common Cents in Belle Fouche and fill his vehicle with gasoline. *Id.* at 996–97. Vaughn testified that after she bought Delehoy gasoline at the Common Cents, they agreed to go to Delehoy's home in Spearfish. *Id.* at 998. Vaughn testified that on the way to Spearfish, Delehoy began to become agitated and berate her, and that after arriving in Spearfish, he turned the car around and announced that they were going back to Belle Fouche. *Id.* at 998–1000.

Vaughn testified that the atmosphere in the car changed dramatically when, instead of dropping her off at her home in Belle Fouche, Delehoy continued north of town past Water Tank Road and told Vaughn that he was taking her out into the country to kill her. *Id.* at 1001. Vaughn testified that Delehoy drove her 30 to 40 miles north of Belle Fouche, parked on a dirt road, spat on her, and hit her in the back of the head so hard that she fluttered in and out of consciousness. *Id.* at 1002–05. She testified that Delehoy began to drive north again, then turned around toward Belle Fouche. *Id.* at 1007. Vaughn testified that Delehoy then parked the car and told her he was going to

take her into the country for three days and three nights, before beginning to drive back toward Belle Fouche. *Id.* at 1008-10. Vaughn testified that Delehoy allowed her to make phone calls to her ex-husband and mother in order to coordinate getting her daughter to church, as it was early in the morning at this point, but that he would have hurt her if she said she needed help. *Id.* at 1008. She said that Delehoy continued to drive toward Belle Fouche, that his driving was erratic, and that he "play[ed] chicken" with oncoming trucks by swerving in front of them. *Id.* at 1009. Vaughn testified that Delehoy again stopped the car at a turnoff, and that Delehoy allowed her to leave the car to urinate while he watched from the car. *Id.* at 1009–10. Vaughn testified that when she got back in the car, Delehoy exposed himself and forced her to perform oral sex on him and have sexual intercourse. *Id.* at 1010–15. She testified that after ejaculating, Delehoy cried, apologized, and allowed her to drive the car back to her home. *Id.* at 1015–16. Vaughn testified that she drove to her home in Belle Fouche and was able to go inside alone. *Id.* at 1016-17.

Vaughn testified that she then picked up her daughter and dropped her off at church, but instead of attending the service herself, Vaughn visited her friend Chalsey Sheperd. *Id.* at 607, 1017. Vaughn testified that she confided in Sheperd about the harrowing night she had experienced. *Id.* at 1018. She testified that at some later point that same day, Delehoy called Sheperd's workplace and impersonated a police officer, prompting Sheperd's boss to contact law enforcement. *Id.* at 1018–19. When law enforcement arrived to

investigate the report, Sheperd told the officers that Vaughn had been raped the night before. *Id.* at 1018–19, 1061.

Also relevant to Delehoy's objections is a recording that Sheperd made of a phone call from Delehoy to Vaughn. When Vaughn disclosed to Sheperd what Delehoy had put her through, "Sheperd suggested Vaughn call Delehoy so the two could record his statements." *State v. Delehoy*, 929 N.W.2d 103, 106 (S.D. 2019); Appeal Record at 167. Vaughn called Delehoy on speakerphone, and Sheperd recorded the conversation using her phone. *Delehoy*, 929 N.W.2d at 106; Appeal Record at 167. Special Agent Elbert Andress of the South Dakota Division of Criminal Investigation later interviewed Sheperd, and during that interview, Sheperd played the recording for him, and Agent Andress recorded a portion of that original recording a digital recorder. *Delehoy*, 929 N.W.2d at 107; Appeal Record at 169; Criminal Record at 1089–99. Delehoy objected to the admission of the partial recording made by Special Agent Andress, and the court initially did not allow its admission due to a lack of foundation. Criminal Record at 1089, 1095. But during a recess, "the State learned that Sheperd had the original recording stored in her email account[,]" and the court overruled Delehoy's objection and allowed it into evidence. *Delehoy*, 929 N.W.2d at 107; Appeal Record at 170.

Later during the trial, it was determined that the recording played to the jury was also incomplete. *Id.* The recording the jury heard was missing a 10-minute segment during which Vaughn and Sheperd discussed their methamphetamine use. *Id.* Delehoy made a motion for judgment of acquittal or

a mistrial on the grounds that admission of the recording denied him due process, but the trial court denied the motion and instructed the jury to disregard the audio recording and Sheperd's testimony. 929 N.W.2d at 107–08.

The jury found Delehoy guilty on March 8, 2018, of second-degree kidnapping in violation of SDCL § 22-19-1.1(3), simple assault – domestic violence in violation of SDCL § 22-18-1(5), and simple assault – domestic violence in violence of SDCL § 22-18-1(4). Criminal Record at 631–32. On June 27, 2018, a second jury trial found that Delehoy had previously been convicted of simple assault against a public officer, and thus was a habitual offender under SDCL § 22-7-7. *Id.* at 632. Delehoy was sentenced to 22 years in custody with four years suspended on the kidnapping charge and received sentences of 365 days on the other two assault charges, to run concurrently to the sentence for kidnapping. *Id.* at 726–27.

Delehoy appealed his convictions on August 6, 2018. Appeal Record at 1. The South Dakota Supreme Court affirmed the convictions on May 22, 2019. *Delehoy*, 929 N.W.2d at 105. In its order affirming Delehoy's convictions, the South Dakota Supreme Court considered whether "the State's failure to produce Sheperd's original recording constitute[d] a *Brady* violation" and found that, because the missing excerpts of the recording were cumulative to other evidence at trial, including testimony from witnesses about Sheperd and Vaughn's methamphetamine use, Delehoy was not "prejudiced by the State's failure to produce the full recording prior to trial." *Id.* at 110.

8

On May 21, 2021, Delehoy moved for a writ of habeas corpus in state court pursuant to SDCL § 21-27-1. Habeas Record at 1. Delehoy asserted that he received ineffective assistance of counsel. *Id.* at 17–18. A hearing on the writ of habeas corpus was held on April 29, 2022, with Joshua M. Hilpert appearing as Delehoy's counsel. *Id.* at 53, 87–187. On October 6, 2022, the state court denied Delehoy's habeas petition. *Id.* at 225, 235. Delehoy, through his counsel Joshua Hilpert, appealed the denial. *Id.* at 235. But because Hilpert failed to obtain a certificate of probable cause prior to filing the appeal, the court dismissed the appeal on January 19, 2023. *Id.* at 264. Delehoy filed a second petition for a writ of habeas corpus in state court on April 12, 2023, which was dismissed six days later on April 18, 2023. Second Habeas Appeal Record at 1.

Objections 1, 2, 5, and 9 all reference perjury that Delehoy asserts occurred at trial. Docket 23 at 2–4, 6. He contends that this perjury is the basis for his conviction. *See id.* In her statement of the facts of the case, Magistrate Judge Duffy said that "[i]n the early morning hours of June 25, 2017, Devon Delehoy and his then-girlfriend began a car ride during which a series of violent, menacing, and disrespectful events occurred." Docket 21 at 2.[2] Because Delehoy's contention that his conviction was based on perjury operates both as an objection to the facts as set forth in Magistrate Judge Duffy's report and recommendation, and as an objection to her conclusion that

---

[2] The court notes that the kidnapping and assaults took place during the early morning hours of June 26, 2017. *See* Criminal Record at 15–16, 997. It appears that in stating the events occurred on June 25, the Magistrate Judge's Report and Recommendation made a minor clerical error.

Delehoy has not established actual innocence, the court considers these objections to be both factual and legal.

To the extent that Objections 1, 2, 5, and 9 challenge the facts as set forth in Magistrate Judge Duffy's order, they are unavailing. Magistrate Judge Duffy does not discuss in depth the factual circumstances that underlay Delehoy's convictions. *See* Docket 21 at 2. Nonetheless, Magistrate Judge Duffy's description of what transpired during the terrifying car ride Vaughn endured reflects the facts as established at trial that led to the guilty verdicts. The basic outline of the facts on which Delehoy was convicted are that Delehoy picked Vaughn up, drove her outside of Belle Fouche, threatened her, assaulted her, and raped her. This general version of events was also credited by the Supreme Court of South Dakota when it affirmed his conviction. *Delehoy*, 929 N.W.2d at 105–08.

Delehoy provides no new information that would lead the court to conclude that the acts for which he was convicted did not occur. Instead, Delehoy's objections to the report and recommendation offer only bare assertions that the victim in this case got in and out of his car of her own volition, consented to sex with him, and lied to the police. *See* Docket 23 at 7. The court is bound to credit the determinations of factual issues by the state court unless Delehoy provide "clear and convincing evidence" to the contrary. *See* 28 U.S.C. § 2254(e)(1). Delehoy's unsupported factual assertions run contrary to the version of the facts that the jury credited. Thus, Delehoy's factual objections to Magistrate Judge Duffy's report and recommendation are

10

overruled, and Magistrate Judge Duffy's complete rendition of the facts is adopted by the court and expanded upon.

## II.    Legal Objections

In addition to Delehoy's quasi-factual objections, Delehoy raises 11 numbered objections. Docket 23 at 2–9. The court addresses the numbered objections where they respond to Magistrate Judge Duffy's legal conclusions and identifies where they are not responsive to the report and recommendation.

### A.    Removal of the State of South Dakota and the Attorney General as respondents- Objection 7

At the outset of her report, Magistrate Judge Duffy recommended "that the district court dismiss on its own initiative both the State of South Dakota and the Attorney General thereof from this matter as improper parties." Docket 21 at 7. At Objection 7, Delehoy appears to object to the removal of the State of South Dakota and the Attorney General as respondents.[3] Docket 23 at 4-5.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). The Supreme Court has held that this means that there can "generally [be] only one proper respondent to a given prisoner's habeas petition" and that person is by default "the warden of the facility where the prisoner is being held,

---

[3] At Objection 7, Delehoy also asserts that, because Warden Bittinger has not responded to his motion, his motion for summary judgment should be granted as to her. Docket 23 at 5. Because this aspect of his argument at Objection 7 responds to Magistrate Judge Duffy's later recommendation the motion for summary judgment be denied, the court addresses it later in this order. *See supra* Section II.H.

not the Attorney General or some other remote supervisory official." *Id.* at 434–35. Moreover, the court has the power to dismiss a complaint *sua sponte* where it fails to state a claim. *Mildfelt v. Cir. Ct. of Jackson Cnty.*, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam). This power, and the immediate custodian rule, were the basis for the magistrate judge's recommendation that the claims against the State of South Dakota and the Attorney General be dismissed because they are improper respondents. Docket 21 at 7.

Nonetheless, one circuit has found that "the immediate custodian rule . . . [is] waivable" because it "implicates personal jurisdiction, not subject matter jurisdiction[.]" *Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1096–97 (D.C. Cir. 2022). And Justice Kennedy, in a concurring opinion, reached the same conclusion. *See Padilla*, 542 U.S. at 452 (Kennedy, J., concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government."). Justice Kennedy's reasoning was supported by the fact that courts have found various exceptions and grounds not to apply the rule, which indicates that it is non-jurisdictional in nature. *See id.*

Here, the respondents failed to raise the argument that the petition should be dismissed as to the state and attorney general because they are not Delehoy's "immediate custodian." *See generally* Docket 11. Therefore, the court does not go so far as to *sua sponte* dismiss Delehoy's claims based on the immediate-custodian argument that the government failed to raise. "The

12

government is a frequent and sophisticated litigant capable of enforcing its own procedural rights and defenses." *Dufur*, 34 F.4th at 1097.

Magistrate Judge Duffy also recommended that Delehoy's claim against the State of South Dakota be dismissed because of sovereign immunity. "Absent a waiver of state sovereign immunity or a valid abrogation of sovereign immunity by Congress, federal courts may not entertain a private party's suit against a State." *EEE Minerals, LLC v. State of N. Dakota*, 81 F.4th 809, 815 (8th Cir. 2023) (citing *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011)). The legislature of the State of South Dakota has not waived its sovereign immunity with regard to habeas petitions, and thus, dismissal of Delehoy's claim against it is appropriate. To the extent that Objection 7 opposes the dismissal of Delehoy's claims against the State of South Dakota, it is overruled.

After a de novo review, the court finds that the *sua sponte* removal of the respondents the State of South Dakota and the Attorney General of the State of South Dakota is not warranted under the immediate-custodian rule, because the respondents did not assert that defense to personal jurisdiction. The claim again the State of South Dakota is, however, barred by sovereign immunity. The court adopts that part of the magistrate judge's report and recommendation that recommends dismissal of the State of South Dakota as an improper party, but this court finds that dismissal is proper on the basis of sovereign immunity. Thus, the remaining respondents to Delehoy's petition are Warden Bittinger and the Attorney General of the State of South Dakota.

**B.**     **Whether Delehoy's claim is time-barred- Objections 4 and 8**

Magistrate Judge Duffy's report and recommendation concluded that Delehoy's motion is untimely and barred by the applicable period of limitation. Docket 21 at 8-9. Objections 4 and 8 in part object to Magistrate Judge Duffy's conclusion that the petition is untimely and her recommendation that it be dismissed accordingly. *See* Docket 23 at 3, 5–6. Delehoy states that he has diligently pursued his habeas claim, and that he was not aware that a § 2254 petition was a potential avenue for relief until May of 2023. Docket 23 at 3, 5.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of four dates: the date on which the judgment became final on the conclusion of direct review; the date on which an impediment to filing created by unconstitutional or illegal state action is removed; the date that a retroactively applicable constitutional right was recognized by the Supreme Court; and finally, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)–(D). The time during which a state habeas petition is pending is excluded from the limitation period. 28 U.S.C. § 2244(d)(2).

Delehoy does not in his objections argue that state action created an impediment to filing. *See generally* Docket 23. Delehoy's underlying allegations of constitutional deprivation do not implicate new rights created by Supreme Court action. Delehoy argues that the trial court's decision to not give a

14

mistake of law instruction was unconstitutional, and that his trial counsel's failure to impeach Vaughn's testimony and cross-examine Agent Andress on the elements of the kidnapping amounted to ineffective assistance of counsel. Docket 1 at 4–5, 24–26. The factual predicate of both his claimed constitutional violations, therefore, would have been known to him through the exercise of due diligence at the end of trial. Thus, none of the alternate dates for calculating the start of the limitation period found at §§ 2254(d)(1)(B)–(D) apply, and under § 2254(d)(1)(A), the period began to run upon the conclusion of direct review.

To calculate when the conclusion of direct review occurred, the court begins with Delehoy's direct appeal of his criminal convictions, which were affirmed on May 22, 2019. Direct Appeal at 181. A conviction is final for purposes of the period of limitation when the "ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari[]" have expired. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Thus, in Delehoy's case, the period of limitation began to run 90 days after his conviction was affirmed, that is, November 19, 2019, and expired one year later, on November 19, 2020. Delehoy filed his state court habeas petition on May 21, 2021, well after § 2244(d)(1)'s one-year period of limitation had elapsed. *See* Habeas Record at 1. Thus, even if the period during which his state court motion was pending were excluded under § 2244(d)(2), it would make no difference in Delehoy's case, because the state court habeas petition was filed approximately six months following the end of the limitation period.

15

The doctrine of equitable tolling applies to § 2244(d) and provides an avenue for relief where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or the "conduct of the defendant has lulled the plaintiff into inaction." *Jihad*, 267 F.3d at 805 (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)). Delehoy had not made a showing that either condition is met. Moreover, his contention that he pursued his claim diligently, even if true, is not relevant to whether extraordinary circumstances exist. The diligent pursuit of a claim before a state court habeas action is properly filed is not sufficient to toll the period of limitations, but rather, some "extraordinary circumstance[] external to the petitioner" must be responsible for the inaction. *Id.* at 806.

In conclusion, Delehoy's petition is untimely under § 2244(d)(1). Objections 4 and 8, and any other portions of Delehoy's filing that address Magistrate Judge Duffy's conclusion that Delehoy's petition is outside the period of limitation, are overruled.

### C. Whether Delehoy has made a showing of actual innocence- Objections 1, 2, 5, 9, and 10.

Magistrate Judge Duffy's report and recommendation concluded that Delehoy has not made a showing of actual innocence sufficient for his untimely petition to survive the motion to dismiss. Docket 21 at 11. Delehoy objects to this conclusion at Objection 10 and argues that the "missing 10-minute recording" proves his innocence. Docket 23 at 6. Objections 1, 2, 5, and 9 argue that the testimony on which Delehoy was convicted was perjured, and thus the court construes them as also objecting to Magistrate Judge Duffy's

conclusion that he has failed to show new evidence of actual innocence sufficient to overcome the untimeliness of his § 2254 claim.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar" such as the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013). In order for the exception to the period of limitation for actual innocence claims to apply, the prisoner must show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (alteration in original). Viewed from another angle, where new evidence of actual innocence is discovered, the discovery of the information triggers the period of limitations under § 2244(d)(1)(D) to start from the date of the information's discovery. *See Jimerson v. Payne*, 957 F.3d 916, 917 (8th Cir. 2020) (discussing how petitioner timely filed actual innocence claim within one year of co-defendant signing affidavit assuming guilt for petitioner's crime and disavowing petitioner's involvement).

Delehoy's assertion that the victim perjured herself and insistence on his innocence falls far short of the requirement that he provide new evidence that would lead make it more likely than not that no reasonable jury could find him guilty. He asserts that Kari Vaughn perjured herself, but at trial, the jury is the judge of credibility. *See United States v. Meads*, 479 F.3d 598, 602 (8th Cir. 2008) ("Credibility is always an issue for the jury to determine."). Delehoy provides no new evidence to rebut the factual determinations made by the jury

17

at trial in arriving at his guilty verdict. He asserts both in his objections, and in his second motion to compel, that a missing 10-minute recording supports his innocence. Docket 13; Docket 23 at 10. The court believes that Delehoy is referring to the 10 minutes of the recording made by Sheperd of the call between Delehoy and Vaughn that was missing from the exhibit introduced into evidence at trial. In affirming Delehoy's convictions on direct appeal, the Supreme Court of South Dakota discussed the content of the missing section of the recording and found it to be cumulative with other evidence at trial. *Delehoy*, 929 N.W.2d at 110 (S.D. 2019) (finding that the "undisclosed portion of the recording contain[ed] statements by Sheperd and Vaughn related to their methamphetamine use"). Thus, it appears that, even if the 10-minute recording were before the court, it would not constitute evidence of actual innocence so strong that no reasonable jury could have found Delehoy guilty in light of it.

In conclusion, Objections 1, 2, 5 and 9 are overruled. Moreover, Delehoy's objections to Magistrate Judge Duffy's report, to the extent that they argue that Delehoy has stated a claim of actual innocence, are overruled. Delehoy's habeas claim is brought outside of the period of limitation established by § 2254, and Delehoy fails to establish actual innocence as an alternative path to maintain his claim. Thus, his habeas petition under § 2254 is dismissed with prejudice as to all respondents.

### D.   Ineffective assistance of counsel – Objections 3 and 5

At Objection 3, Delehoy argues that Josh Hilpert, his counsel in his South Dakota habeas case, was ineffective. Docket 23 at 2–3. He also

18

references the ineffectiveness of his habeas counsel at Objection 5. *Id.* at 3–4. This argument is nonresponsive to Magistrate Judge Duffy's report and recommendation because it raises Hilpert's ineffectiveness without addressing Magistrate Judge Duffy's finding that "ineffective assistance of habeas counsel cannot serve as the basis for a claim in a § 2254 habeas petition." Docket 21 at 9, n.6. The court agrees with Magistrate Judge Duffy because the habeas statute plainly states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Hilpert's failure to request a certificate of probable cause occurred during a collateral post-conviction proceeding in state court. *See* Habeas Record at 1, 264. Thus, while the court understands Delehoy's frustration with his representation in the state habeas action, and in a colloquial sense Hilpert's representation was ineffective, Hilpert's missteps in pursuing Delehoy's state court claim cannot serve as the grounds for relief in this action brought under § 2254.

As explained in the previous section, Delehoy's federal claim was time-barred before it would have been tolled by the pendency of his state habeas action. Moreover, the ineffectiveness of state habeas counsel is not a ground for relief under the statute. Thus, Delehoy's third and fifth objections to Magistrate Judge Duffy's report and recommendation, and any other portions of his filing that object to Magistrate Judge Duffy's conclusion that Hilpert's actions in Delehoy's state habeas case are not a ground for relief here, are overruled.

19

### E.    Objection 6

At Objection 6, Delehoy makes general accusations that the court is not appropriately weighing his arguments and alleges bias by the court in favor of the government. Docket 23 at 4. Objection 6 makes no legal argument for the court to respond to and is not responsive to Magistrate Judge Duffy's report and recommendation. Thus, Delehoy's sixth objection to Magistrate Judge Duffy's report and recommendation is overruled.

### F.    Objection 12

At Objection 12, Delehoy cites Federal Rule of Civil Procedure 12 and law on how pleading standards are to be applied to *pro se* litigants. Docket 23 at 8–9. Delehoy states that his claim is "very clear and concise" and therefore, should not be dismissed. *Id.* at 9.

"[P]ro se complaints are to be construed liberally[.]" *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 428 U.S. 97, 106 (1976)). This means that "a pro se complaint, 'however unartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support his claim which would entitle to him to relief.' " *Estelle*, 429 U.S. at 106 (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Nonetheless, a pro se petitioner "must still allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914. The requirement to construe a pro se complaint liberally applies to petitions for habeas corpus brought under § 2254. *See Goodrich v. Lincoln*

20

*Cnty. Cir. Ct.*, No. 4:12-CV-04125-RAL, 2013 WL 325561, *1 (D.S.D. Jan. 28, 2013).

The court has construed Delehoy's claim as liberally as possible, but his petition was filed outside of the period of limitation, and thus his claim is time-barred. Thus, Delehoy's twelfth objection to Magistrate Judge Duffy's Report and Recommendation is overruled.

### G.    Evidentiary hearing – Objections 5 and 11

At Objection 11, Delehoy does not respond to the report and recommendation, but rather moves for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2)(B). Docket 23 at 6–7. At Objection 5, Delehoy also argues that he is entitled to an evidentiary hearing, in particular, on the issue of ineffective assistance of counsel. *Id.* at 3–4.

A court shall not hold an evidentiary hearing on a claim that the defendant failed to develop a factual basis for in state court proceedings unless he shows that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Thus, the statute does not require an evidentiary hearing, but rather sets the threshold conditions under which one may be held. Delehoy has failed to show credible evidence of actual innocence, and thus, the preconditions for an evidentiary hearing are not met here. *See supra* Section II.C. Thus, Delehoy's fifth and eleventh objections to Magistrate Judge Duffy's report and recommendation are overruled.

### H.     Delehoy's motion for summary judgment – Objection 7

Magistrate Judge Duffy's report recommended that Delehoy's motion for summary judgment be denied. Docket 21 at 12; *see also* Docket 10. Delehoy's motion argues that because the court directed respondents to respond to Delehoy's claim by October 27, 2023, and the respondents filed their motion to dismiss on October 31, 2023, summary judgment should be directed in his favor. Magistrate Judge Duffy reasoned that the premise of the motion was fatally flawed, because the motion to dismiss was in fact filed on October 27, 2023. Docket 21 at 12. At Objection 7, Delehoy addresses Magistrate Judge Duffy's conclusion that his motion for summary judgment should be denied and argues that because Warden Bittinger has not responded to his claim, he is entitled to summary judgment. Docket 23 at 5.

Delehoy's petition was filed on September 28, 2023. Docket 1. Delehoy identified Warden Bittinger as among the respondents in the body of his petition, but not in the caption of his petition. *Id.* at 1–2. Magistrate Judge Duffy ordered service and directed the respondents to file a response no later than October 30, 2023. Docket 6 at 2. But in the order for service, Warden Bittinger was not included as a respondent in the caption. *See id.* at 1. Nonetheless, the Attorney General of the State of South Dakota filed a motion to dismiss in response, and in the memorandum accompanying that response contemplates that it was responding on behalf of Warden Bittinger.[4] Docket 10;

---

[4] Like the order for service, neither the motion to dismiss or accompanying memorandum include Warden Bittinger as a named respondent in the caption. *See* Docket 10 at 1; Docket 11 at 1.

22

Docket 11 at 1 (stating that "the Warden is Teresa Bittinger" and that "Respondents now answer the petition and request that it be denied"). It appears that the non-inclusion of Warden Bittinger in the caption as a named respondent was a mere clerical error. Thus, summary judgment is not appropriate on the grounds that Warden Bittinger has not independently responded to the petition, where the Attorney General has responded, and the petitioner's claim, regardless of to whom it is directed, is time-barred.

## I.       Motions to compel

Magistrate Judge Duffy's report recommended that Delehoy's motions to compel (Dockets 8, 13) be denied. Docket 21 at 13. Delehoy's objections do not specifically address this recommendation. Nonetheless, the court undertakes a de novo review of the issue.

Although Delehoy's motion erroneously relies on 18 U.S.C. § 3500, *see* Docket 8 at 1, discovery under the circumstances at hand is governed by the Rules Governing Section 2254 Cases and Section 2255 Proceedings. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Thus, "the 'broad discovery provisions' of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings." *Id.* (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). Instead, discovery in § 2254 cases is governed by Rule 6(a):

> A judge may, for good cause, authorize a party to conduct
> discovery under the Federal Rules of Civil Procedure and may limit
> the extent of discovery. If necessary for effective discovery, the

> judge must appoint an attorney for a petitioner who qualifies to
> have counsel appointed under 18 U.S.C. § 3006A.

U.S. R. Gov'g 2255 Proceedings, Rule 6(a). The Supreme Court intended Rule 6(a) to be consistent with its holding in *Harris* and authorize discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy,* 520 U.S. at 908–09 (quoting *Harris*, 394 U.S. at 300).

Delehoy has not made specific allegations sufficient for the court to find that, were those allegations further developed, he would be entitled to relief. First, for the reasons discussed previously, his claim is time-barred. Second, Delehoy does not make a convincing showing of actual innocence sufficient to overcome his petition's untimeliness. Thus, good cause for discovery does not exist, and the court adopts Magistrate Judge Duffy's recommendation that Delehoy's motions to compel (Dockets 8, 13) be dismissed.

## J.    Motion to sever

Magistrate Judge Duffy recommended that Delehoy's motion to sever (Docket 7) be dismissed as an additional ground for relief that, like the other relief requested, was time-barred. Delehoy does not object to this conclusion. After a de novo review of the issue, the court agrees with Magistrate Judge Duffy that the motion to sever operates as an additional, time-barred claim for relief. Thus, the court adopts Magistrate Judge Duffy's report and recommendation and denies the motion to sever.

### III.    Remaining motions

Delehoy has filed six new motions since the issuance of Magistrate Judge Duffy's report and recommendation: a motion for leave to amend the petition (Docket 41); a motion to appoint counsel (Docket 43); a motion for an evidentiary hearing (Docket 44); a motion to expedite consideration (Docket 46); a motion for leave to supplement petition (Docket 50); and a second motion for leave to supplement petition (Docket 51). The court addresses these motions in turn.

### A.    Motion for leave to amend and motions to supplement

Delehoy moves to amend his petition in order to name Kellie Wasko as a respondent because "she is the proper custodian of the petitioner." Docket 41 at 1. Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend is pleadings only with the opposing party's written consent or the court's leave" and that "[t]he court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny leave to amend 'if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). A court may consider futility of the proposed amendment in the habeas context. *See Lopez v. Houston*, No. 4:09CV3045, 2009 WL 2596477, *1 (D. Neb. Aug. 13, 2009) (finding that the

amendment of a habeas petitioner's complaint would not be futile and granting leave to amend).

Here, amendment of the complaint would be futile. Regardless of who Delehoy names as respondents, his petition is time-barred. Thus, the motion for leave to amend (Docket 41) is denied.

Delehoy also moves for leave to supplement his petition. Docket 50; Docket 51. A motion to supplement is governed by Federal Rule of Civil Procedure 15(d).

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). The rule limits supplemental pleadings to transactions, occurrences, or events occurring after the pleading to be supplemented. *See id.*

Both of Delehoy's motions for leave to supplement concern the trial judge's decision not to offer a proposed jury instruction on mistake of fact. *See generally* Dockets 50, 51. Neither concern a matter that occurred after the pleading he seeks to supplement, and thus they are properly motions to amend the petition, not motions to supplement. Therefore, the same standards cited earlier in this section regarding the court's authority to grant or deny a motion to amend apply to Delehoy's filings at Dockets 50 and 51.

The motions to amend at Dockets 50 and 51, styled as motions to supplement, are both futile. "A federal court may grant habeas corpus relief

only if the trial judge's erroneous refusal to accept additional jury instructions denied petitioner due process." *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir. 1983). Here, Delehoy argues that the refusal to give the mistake of fact jury instruction "denied [him] his rights to a trial by jury and his due process rights[.]" But Delehoy's petition for habeas relief is outside of the period of limitation, and the grounds for habeas relief explored at Dockets 50 and 51 cannot overcome that procedural hurdle. Thus, the motions to amend, styled as motions to supplement (Dockets 50 and 51) are denied.

### B.   Motion for court-appointed counsel

Delehoy moves for court appointed counsel. Docket 43.

"[T]he Sixth Amendment right to counsel does not attach to a habeas corpus proceeding[.]" *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Nonetheless, the "district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.' " *Id.* (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)). Where an evidentiary hearing is necessary, the interests of justice generally require the appointment of counsel; where it is not, appointment of counsel is discretionary. *See Hoggard*, 29 F.3d at 471. Here, the court has found that no evidentiary hearing is necessary because Delehoy has stated no "factual predicate that could not have been previously discovered through the exercise of due diligence" sufficient to require one. 28 U.S.C. § 2254(e)(2)(A)(ii). Because Delehoy's claims are time-barred and he does not point to new evidence of actual innocence that would lead the court to

exercise its discretion in appointing counsel, Delehoy's motion for counsel (Docket 43) is denied.

### C.   Motion for an evidentiary hearing

Delehoy moves for an evidentiary hearing under 28 U.S.C § 2254(e)(2)(A)(ii). Docket 44. The court in this order has discussed why Delehoy does not meet the preconditions for an evidentiary hearing. *See supra* Section II.G. Delehoy's motion at Docket 44 seeks an evidentiary hearing on the mistake of fact instruction not being given to the jury at trial, his ineffective assistance of counsel claim, and in order to further develop his claim of actual innocence. *See* Docket 44 at 1. Delehoy's petition and various motions do not establish the existence of a factual predicate that could not have been previously discovered through due diligence or establish facts showing that but for constitutional error, no reasonable factfinder could have found Delehoy guilty. *See* 28 U.S.C. § 2254(e)(2). Thus, Delehoy does not meet the requirements for an evidentiary hearing, and Delehoy's motion for appointment of counsel (Docket 44) is denied.

### D.   Motion for expedited consideration

Delehoy moves for expedited consideration of his various motions. Docket 46. Because the court now addresses all Delehoy's pending motions and rules on his objections to Magistrate Judge Duffy's report and recommendation, Delehoy's motion for expedited consideration (Docket 46) is denied as moot.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2254 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Delehoy has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issue raised in his claim differently, or that a question raised by his claim deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

As Magistrate Judge Duffy accurately discussed in her report and recommendations, Delehoy's habeas petition is time-barred, and he has not stated a claim of actual innocence. Delehoy's claim against the State of South Dakota is also barred due to the state's sovereign immunity. There is not good cause to grant Delehoy motions to compel, and his motion to sever seeks habeas relief that, like his other claims, is time-barred.

Delehoy's motion to amend his complaint to add Kellie Wasko as a respondent is futile, and the court denies that motion. Delehoy has not met the conditions to require an evidentiary hearing, and the court denies his motion for a hearing on the various issues presented in his petition. The interests of justice do not require the appointment of counsel, and Delehoy's motion for counsel is denied. Finally, Delehoy's motion for expedited consideration is moot, as the court now addresses all his objections and motions still pending. Thus, it is

ORDERED that the government's motion to dismiss (Docket 10) is granted, and Delehoy's motion for summary judgment (Docket 12) is denied. All of Delehoy's claims are dismissed with prejudice and Magistrate Judge Duffy's report and recommendation (Docket 21) is adopted in full, as modified and supplemented by this order. Delehoy's objections to the report and recommendation (Docket 23) are overruled. Delehoy's motions at Docket 41, Docket 43, Docket 44, Docket 50, and Docket 51 are denied. It is

FURTHER ORDERED that, because the underlying petition in this matter is dismissed and his motions have been ruled on by the court, Delehoy's remaining pending motion (Docket 46) is denied as moot. It is

FURTHER ORDERED that a certificate of appealability is denied.

DATED August 23, 2024.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

30